FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 21, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DENNIS SHELDON BREWER,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM BURNS, CHRISTOPHER WRAY, MERRICK GARLAND, RONALD DAVIS, AVRIL HAINES, LLOYD AUSTIN, CHRISTINE WORMUTH, DR. STEFANIE TOMPKINS, ALEJANDRO MAYORKAS, KIMBERLY CHEATLE, XAVIER BECERRA, JEANNE MARRAZZO, COLLEEN SHOGAN, ERIC ADAMS, EDWARD CABAN, PATRICK CALLAHAN, JOHN BILLICH, CHRISTOPHER TRUCILLO, ANTHONY CURETON, JAMES TODESCO, JENNIFER POKORSKI, PAUL PENZONE, KING COUNTY SHERIFF'S DEPARTMENT, WASHINGTON STATE UNIVERSITY, FEDERAL WAY SCHOOL DISTRICT, ESTABLISH INC., ACME MARKETS INC., DANIEL WEINER, WALMART INC., WALMART (CHINA) | No. 2:24-CV-00149MKD<br><br>ORDER DISMISSING ACTION; DENYING PLAINTIFF'S MOTION FOR CERTIFICATION OF CLASS AND CONSTRUED MOTION TO APPOINT COUNSEL; DENYING PLAINTIFF'S MOTION FOR ELECTRONIC ACCESS; AND DENYING PLAINTIFF'S MOTION TO EFFECT SERVICE<br><br>**ECF Nos. 1, 3, 4, 7** |

ORDER - 1

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14 | INVESTMENT CO., LTD., COSTCO WHOLESALE CORPORATION, THE KROGER CO., PPG INDUSTRIES INC., INSIGHT NETWORK SPAIN, TECHNOLOGY SALES LEADS, INC., LOEB & LOEB, LLP, RAYMOND SULLIVAN, LLC, tRADEKEY.COM, WEBLINK IN PVT., LTD., VISHAL PATEL, MICHAEL SCIARRA, LUIS m. ASTUDILLO, MATCH GROUP, INC., BUMBLE INC., WILLIAM BURNS, STEPHEN BREYER, ANDREW WEISSMAN, CHARLES ROSENBERG, ROBERT MUELLER, LESLIE CALDWELL, ANTHONY FAUCI, ROGER STONE, LISA RUBIN, ALEXANDER VINDMAN, ARI MELBER, JOSEPH ARPAIO, DAVID REICHERT, NEAL KATYAL, THOMAS KEENE, STEPHANIE CLIFFORD, NORELLE DEAN, MARC CHALOM, OTHER UNKNOWN GOVERNMENT OFFICERS, AGENTS, AND EMPLOYEES, and JOHN DOES (UNKNOWN NUMBER),<br><br>Defendants. |

Before the Court is Plaintiff's *pro se* Complaint, ECF No. 1, Plaintiff's "Motion and Proposed Order – Certification of Class," ECF No. 3, Plaintiff's Motion for Electronic Case Filing Authorization, ECF No. 4, and Plaintiff's Motion to Effect Service of Instant Complaint, ECF No. 7. The Court has reviewed the record and is fully informed. For the reasons discussed herein, the

ORDER - 2

Court dismisses Plaintiff's Complaint, ECF No. 1, and dismisses the other motions, ECF Nos. 3, 4, 7, as moot.

## BACKGROUND

Plaintiff filed this *pro se* Complaint on May 6, 2024. ECF No. 1. Plaintiff's Complaint, and accompanying documents, total to 1,1371 pages. Plaintiff alleges numerous claims, including violation of his First, Third, Fourth, Fifth, Eighth, Ninth, Thirteenth, and Fourteenth Amendment rights, violation of 18 U.S.C. §§ 175, 178(2), 241-421385, 1581, 1584, 1589, 1961-68, 2331, 2340A, 5 U.S.C. § 301, and racketeering, among others. *Id.* at 19-20, 95, 190-92.

Plaintiff has filed similar complaints in the District of Columbia and Southern District of New York. ECF No. 1-1; *See Brewer v. Wray*, No. 22-cv-996 (UNA), 2022 WL 1597610, *aff'd*, No. 22-5158, 2022 WL 4349776 (D.C. Cir. Sept. 20, 2022); *Brewer v. Wray*, No. 1:22-cv-00116 (UNA), 2022 WL 226879 (D.D.C. Jan. 24, 2022); *Brewer v. Wray*, No. 21-cv-03218 (UNA), 2022 WL 160269 (D.D.C. Jan. 18, 2022); *Brewer v. Wray*, 22-cv-592 (UNA) (D.D.C. Apr. 7, 2022); *Brewer v. Wray*, 22-cv-365 (UNA) (D.D.C. Feb. 23, 2022); *Brewer v. Wray*, 21-cv-2954 UNA) (D.D.C. Nov. 16, 2021); *Brewer v. Wray*, 21-cv-2671 (UNA) (D.D.C. Oct. 15, 2021); *Brewer v. Burns*, No. 23-CV-9605 (LTS), 2023 WL 8355914 (S.D.N.Y. Dec. 1, 2023), *motion for relief from judgment denied*, No. 23-CV-9605 (LTS), 2023 WL 8603083 (S.D.N.Y. Dec. 11, 2023). Plaintiff's prior

ORDER - 3

complaints alleged numerous claims against many defendants regarding a history of fraudulent concealment by the United States of illegal operations, and Plaintiff claimed he was bringing a class action in which he was the lead plaintiff. *See, e.g., Brewer,* 2023 WL 8355914 at *1. Plaintiff has presented thousands of pages in the other cases and filed boxes of documents as amended complaints. *Id.*

By separate Order, the Court has granted Plaintiff leave to proceed *in forma pauperis.* ECF No. 6.

## LEGAL STANDARD

When an individual seeks to proceed in forma pauperis, the Court is required to review the complaint and dismiss such complaint, or portions of the complaint, if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)

ORDER - 4

(en banc); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Therefore, the Court may dismiss a claim as frivolous where it is "based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable basis in law and fact. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other grounds, Lopez*, 203 F.3d at 1130-31; *Franklin*, 745 F.2d at 1227.

The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere legal conclusions "are not entitled to the assumption of truth." *Id.* The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## DISCUSSION

### A. Criminal Claims

To the extent Plaintiff asserts violations of criminal laws, no private right of action exists to enforce criminal statutes. Federal criminal claims may not be brought by anyone other than the United States. *See, e.g., United States v. Nixon*, 418 U.S. 683, 693 (1974) (noting that the executive branch has exclusive authority

ORDER - 5

to decide whether to prosecute a case). As a civil claim for damages is not the proper mechanism to allege criminal conduct, Plaintiff's criminal claims fail to state a claim.

### B. Frivolous Claims

Plaintiff alleges numerous other claims; however, the Court cannot decipher the basis for the claims. As Plaintiff has been informed in his prior cases, courts cannot exercise subject matter jurisdiction over frivolous complaints. *See, e.g., Brewer*, No. 22-cv-996 (ECF No. 5). Plaintiff's claims are factually frivolous, as the alleged facts are "clearly baseless." *See Neitzke*, 490 U.S. at 327. Frivolous claims include those that are "fanciful," "fantastic," and "delusional," as well as those that are "irrational" or "wholly incredible." *Id.* at 325-28; *Denton*, 504 U.S. at 33.

Plaintiff alleges "defendant UNITED STATES" and "its co-conspirators" fraudulently concealed a pattern of "religion-based cross-generational discrimination" and other acts, violations, and injuries "against constitutional rights." ECF No. 1 at 37. The actions were allegedly taken against a "Quaker-based order of conscientious objectors" and their children. *Id.* Plaintiff contends Defendants engaged in testing illegal weapons on the unidentified individuals, including using an "illegal bioweapon and bioweapon delivery system." *Id.* at 37, 40. Plaintiff alleges "defendant UNITED STATES" subjected Plaintiff to human

ORDER - 6

trafficking when Plaintiff was 12 years old. *Id.* at 37. Plaintiff contends The Department of Defense, Central Intelligence Agency (CIA), Department of Justice, and others, have engaged in a pattern of "racketeering acts against these plaintiffs," and the Army, CIA, Federal Bureau of Investigation, United States Marshals Service, and others, engaged in violations of civil rights of "this class of US persons." *Id.* at 38. The details of Plaintiff's allegations are unclear; the Court cannot discern which defendants committed which alleged actions, what the specific actions are, when the actions took place, nor who the other impacted parties are. Plaintiff's Complaint discusses alleged events that date back as far as 1968. *Id.* at 45.

As discussed *supra,* Plaintiff has brought similar actions multiple times in two other courts. Plaintiff's claims have previously been found frivolous. *See, e.g., Brewer*, No. 22-cv-996 (ECF No. 5). Similarly, here, the Court finds Plaintiff's claims are frivolous. The Complaint largely contains allegations of criminal activity, which fails to state a claim for the reasons discussed *supra*. The allegations related to alleged civil rights violations are "irrational" or "wholly incredible," and the Complaint fails to allege any meritorious claims that the Court would have jurisdiction over. Thus, the Court must dismiss the case as frivolous. *See Neitzke*, 490 U.S at 325-28.

ORDER - 7

**C. No Opportunity to Amend**

Unless it is clear that an amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds,* 28 U.S.C. § 1915(e)(2), *as stated in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The Court finds it would be futile to allow Plaintiff to amend his complaint. The criminal allegations fail to state a claim, and that deficiency cannot be cured. Plaintiff's remaining claims are frivolous, which also cannot be cured. As discussed *supra*, Plaintiff was given the opportunity to amend in some of his prior cases, and he filed amended complaints totaling thousands of pages. As such, the Complaint is dismissed without leave to amend.

**D. Motions**

As the Court finds Plaintiff's Complaint is frivolous, Plaintiff's "Motion and Proposed Order- Certification of Class" and construed motion to appoint counsel, ECF No. 3, Motion for Electronic Case Filing Authorization, ECF No. 4, and Motion to Effect Service of Instant Complaint, ECF No. 7, are denied as moot.

*1. Motion and Proposed Order- Certification of Class*

The Court notes that even if the case was not dismissed, Plaintiff is not able to represent anyone's interest but his own because he is not a lawyer, as he has been previously informed. *See Brewers,* 2023 WL 8603083, at *3;

ORDER - 8

1  *see* Fed.R.Civ.P. 23(a)(4) (requiring that class representative be able to "fairly and

2  adequately protect the interests of the class"); *McShane v. United States,* 366 F.2d

3  286, 288 (9th Cir.1966) (holding that a lay person lacks authority to appear as an

4  attorney for others). His motion to certify a class would therefore be denied.

5        Plaintiff's motion for class certification contains a request for appointment

6  of counsel. ECF No. 3. The Court construes the request as a motion for

7  appointment of pro bono counsel. The motion requests appointment of counsel

8  "for the class," and as such the Court denies the motion as moot, because

9  Plaintiff's Complaint is dismissed as frivolous and because Plaintiff may not bring

10 a class action as a *pro se* litigant.

11       Even if Plaintiff presented the motion as a motion for appointment of pro

12 bono counsel for himself, rather than for the class, the motion would be denied.

13 This Court can designate counsel under 28 U.S.C. §1915(e)(1) only under

14 exceptional circumstances. *See Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir.

15 2009) (setting forth standard of review and requirement of "exceptional

16 circumstances" for appointment of counsel). Determining whether exceptional

17 circumstances exist requires evaluating "the likelihood of success on the merits"

18 and Plaintiff's ability "to articulate his claims pro se in light of the complexity of

19 the legal issues involved." *Id.* (citation omitted). Plaintiff has not demonstrated

20 exceptional circumstances warranting appointment of counsel, and because the

ORDER - 9

claim is frivolous, Plaintiff cannot succeed on the merits.  As such, Plaintiff's motion for counsel is denied.

## CONCLUSION

For the reasons explained above, the Court dismisses the action and denies Plaintiff's motions as moot.

Accordingly, **IT IS HEREBY ORDERED**:

1. This action is **DISMISSED WITH PREJUDICE.**

3. All pending motions, **ECF Nos. 3, 4, 7**, are **DENIED as moot.**

6. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

The District Court Executive is directed to file this Order, enter judgment, provide copies to *pro se* Plaintiff, and **CLOSE THE FILE**.

DATED May 21, 2024.

<u>s/Mary K. Dimke</u><br>MARY K. DIMKE<br>UNITED STATES DISTRICT JUDGE

ORDER - 10